CASE 31—PETITION ORDINARY—NOVEMBER 24.

# Avery & Sons v. Meek.

APPEAL FROM JEFFERSON COURT OF COMMON PLEAS.

1. IN AN ACTION BY A SERVANT AGAINST THE MASTER to recover for personal injuries received by plaintiff while engaged in oiling machinery, alleged to have been caused by a defect in the machinery, it was error to instruct the jury that if the machinery was defective and dangerous, and that this fact was known to defendant and not known to plaintiff, they should find for plaintiff    This instruction authorized a recovery by plaintiff even though the injury may not have been caused by the alleged defect; and was also erroneous in that it assumed that plaintiff may not have known the mach ne was dangerous when he had seen it in operation daily during the six preceding months, and must have known it was dangerous to oil it in the manner and where he attempted to do so.

2. INSTRUCTIONS TO JURY.—While an apparent omission from or defect of a particular instruction should not be treated as reversible error if elsewhere in the series of instructions given, which must be considered together, the omission is supplied or defect cured, a consideration of all the instructions in this case fails to show that the defects referred to were anywhere cured:

3. FELLOW SERVANTS.—An employe cannot recover of the employer for an injury resulting from the negligence of a co-employe, although superior in authority, unless the negligence was gross.

PIRTLE, SPEED & TRABUE FOR APPELLANT.

1. The court erred in giving instructions which made it the duty of the jury to find for appellee if they believed that the machine was defective, regardless of whether such defect contributed in any way to the injury, and which also permitted a recovery against appellant unless the injury was *caused* by appellee's negligence, notwithstanding his negligence may have contributed to the injury, and but for such negligence the injury might not have happened.

2. The other instructions given were inconsistent with those above mentioned. and consequently do not correct errors therein, though they themselves might have been correct.  (Clay v. Miller, 3 Mon., 148; Tate v. Parish, 7 Mon., 327; Gaines v. Buford, 1 Dana, 502.)

3. The instructions are erroneous in permitting a recovery by appellee on account of the ordinary negligence of a co-employe.  A recovery can be had on account of the negligence of a co-employe only when

Avery & Sons v. Meek.

the negligence is gross and the co-employe is superior in authority. (Doyle v. Swift Iron and Steel Works, 5 Ky. Law Rep, 59; Newport News and Miss. Valley Co. v. Eifert, 15 Ky. L. R., 600.)

4. A new trial should have been granted for errors of the court in admitting evidence.

DODD & DODD on same side.

Brief not in record.

KIRBY & SMITH and O'NEAL, PHELPS & PRYOR for appellee.

1. The instructions given, taken together, stated every material fact and should be sustained, though in some, considered separately, there may have been errors. (Rucker v. Hamilton, 3 Dana, 43; Clark v. Fox, 9 Dana, 195; Am and Eng. Enc. of Law, vol. 2, p. 250, and authorities cited.)

2. The peremptory instruction asked for by appellant was properly refused in view of the fact that appellee was only 14 years of age, and his knowledge of the danger in oiling the machine was not sufficient to excuse appellant for putting him in such dangerous employment. (Delozier v. Ky. Lumber Co., 13 Ky. Law Rep., 818; Sinclair's Adm'r v. Elizabethtown Milling Co., 13 Ky. Law Rep., 121; Louisville Bagging Co. v. Dolan, MS. Opinion, Superior Ct. Nov., 4, 1891; Neilson v. Marinette, &c., Paper Co., 75 Wis., 579; Hinckley v. Horazdowski, 8 L. R An., 490; Sullivan v. Indiana Cordage Co., 113 Mass., 399; Combs v. New Bedford Cordage Co., 102 Mass., 572.)

3. The provision of the Code that the judge may exclude witnesses from the court-room is not mandatory, and it was not error to allow the father and mother of appellee to testify in *rebuttal* after remaining in the court-room during the examination of other witnesses (Talber v. Jones & Brown, 12 Ky., Law Rep. 189; Civil Code, sec. 601.)

4. The instructions gave the law of the case as to the defective machinery, contributory neglect and the youth and indiscretion of appellee, and appellant can not complain of them nor of the refusal of others asked for. (Heflin v. Auxier, 9 Ky. Law Rep., 535; Swope v. Schafer, 9 Ky. Law Rep, 161; L., N. A. & C. R'y Co. v. Davidson, 12 Ky. Law Rep., 142; Pierce v. Brown, 12 Ky. Law Rep, 292; Saunders v. Moore, 9 Ky. Law Rep., 965.)

5. The court may, in its discretion, hold the jury together after they have signified their inability to agree. (Civil Code, sec. 322; Abbott's Trial Brief (Civil Jury Trials), 176, 177; White v. Calder, 35 N. Y., 183; Erwine v. Hamilton, 50 How. Prac. R., 32; Coit v. Waples, 1 Minn., 134; Pierce v. Rufus, 35 Mich., 54; Regins v. Charlesworth, 1 B. & S. (Eng. Com. Law), 522; Osbourne v. Wilkes, 108 N. C., 666; Smith v. Irwin, 51 N. J. L., 507; Dowling v. Allen, 74 Mo.,

13; Jones v. The Florence Mining Co., 66 Wis., 268; Gulf C. & S. F. R. Co. v. Jones, 76 Texas, 350; Shearman and Redfield on Negligence, sec. 97; Wood on Master and Servant, sec. 216.)

JUDGE LEWIS DELIVERED THE OPINION OF THE COURT.

Robert Meek, an infant, suing by his father and next friend, brought this action to recover for a personal injury received while employed by B. F. Avery & Sons, a corporation owning and operating a plow factory, he being then about fourteen years of age.

It seems to be admitted that the special and only service he was at that time engaged to perform was carrying iron plates to and from a shearing machine under immediate control and management of Simpson, another employe. But it is alleged in the petition that obeying an order of Simpson, who was then temporarily absent, plaintiff undertook to oil that machine, and in doing so a rag he had for purpose of cleansing it, was caught between cogs of an upper and nether wheel in motion, and endeavoring to withdraw it he got his hand crushed so as to require amputation.

The only error of the lower court relied on by defendant for reversal of the judgment in this case we need to consider relates to instructions given the jury, which it may be said at the outset are so numerous, being eleven in number, as to some extent perplex the jury. But the one particularly objected to is No. 2, as follows: "It was the duty of the defendant to provide reasonably safe machinery for the use of its employes, and to keep it in reasonably safe repair, and if the jury believe from the evidence that the machine at which the plaintiff was employed to

assist Reuben Simpson was defective and dangerous, and that the plaintiff did not know thereof, but the defendant or its employe in control of the plaintiff knew it was defective and dangerous, or might have known it by exercise of ordinary care, then the law is for the plaintiff and the jury should so find, unless they further believe from the evidence that the injury which plaintiff received from said machine was caused by his own negligence."

That instruction is obviously erroneous and must have prejudiced the defendant. First. It assumes plaintiff may not have known the machine was dangerous, when he had seen it in operation daily during six preceding months, and must have certainly been aware it was dangerous to oil it in the manner and where he attempted to do so.

Second. The jury was informed that if the machine was defective, defendant was legally liable for full measure of damages, that being the plain meaning of the phrase, "the law is for plaintiff," even though the injury may not have been caused directly or indirectly by that defect.

The defect was first complained of and set up in an amended petition filed some time after commencement of the action, and as described therein, was lack of a covering for the cog-wheels, which, it was stated, had been in proper position, but was broken off and never replaced. But the evidence shows, and indeed an inspection of the machine would render it obvious that, by reason of the direction in which the cog-wheels revolved, it was dangerous, with or without the covering, to oil the machine on that side plaintiff attempted to

do it, while it could have been done in comparative safety on the opposite side.

Simpson testified he did not order plaintiff to oil the machine at all; another advised him to keep away from it, and there is evidence which not only tends to show plaintiff was injured by his own negligence, but renders it doubtful whether he was, when hurt, engaged oiling the machine. But the jury was, by the instruction in question, relieved from the duty of considering these exculpatory facts, and required to find for plaintiff upon the bare hypothesis of the machine being defective and dangerous, whether the injury was the effect thereof or not. It is true they were, in general terms, instructed not to so find if the injury was caused by plaintiff's own negligence. But the court having failed either to give in that connection a true and full definition of contributory negligence, or to permit the jury to inquire and determine whether the alleged defect was proximate cause of the injury, it can be readily perceived defendant was deprived of benefit of what the jury might have regarded available defenses.

The rule is, as argued for appellee, that an apparent omission from or defect of a particular instruction should not be treated as reversible if elsewhere in the series of instructions, which must be considered together, the omission is supplied or defect cured. But we have looked at all the instructions singly and connectively, and failed to find the misleading and illegal proposition in the second instruction qualified or explained.

It has been often and uniformly held by this court

that one servant can not, for any less degree than gross negligence of a co-employe superior in authority, recover for an injury.  But the lower court failed to so instruct the jury in this case, and therein is another error affecting substantial rights of the defendant, now appellant.

Wherefore, the judgment is reversed, and cause remanded for a new trial consistent with this opinion.